IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES PHILLIP BULLOCK                                                PLAINTIFF

V.                                          CIVIL ACTION NO. 2:08cv75-MTP

SMCI MEDICAL DEPARTMENT, et al.                              DEFENDANTS

## OPINION AND ORDER

THIS MATTER is before the court on the Motions for Summary Judgment [40][43] filed by the Defendants. Having reviewed the submissions of the parties and the applicable law, the court finds that the Motions [40][43] should be granted and that this action should be dismissed with prejudice.

FACTUAL BACKGROUND

Plaintiff James Phillip Bullock, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on April 7, 2008. Plaintiff's claims arose while he was incarcerated in the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, where he is currently serving a three-year sentence for the conviction of one count of uttering forgery in Harrison County, and two counts of the unlawful touching of a child in Jackson County.

Through his complaint and as clarified during his *Spears*[1] hearing, Plaintiff alleges claims against Defendants Mike Hatten (in his official capacity only), Dr. Jerry Hardy, and Wexford Health Sources, Inc. ("Wexford") for the denial and/or delay of adequate medical treatment in

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on January 22, 2009. *See* Transcript [30].

1

violation of the Eight Amendment.[2]  Plaintiff seeks monetary damages for pain and suffering and dentures.[3]  *See* Complaint [1] and Amended Complaint [8].

On May 5, 2009, Defendant Mike Hatten filed his Motion for Summary Judgment [40].  Defendants Dr. Hardy and Wexford filed their Motion for Summary Judgment [43] on June 5, 2009.  Plaintiff failed to respond to either motion, despite an Order [45] from the court directing him to do so.

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to the Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995).  If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.  *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues."  *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts.  "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or

---

[2]Plaintiff also named Dr. Wexford, Dr. Kentrell Liddell, and SMCI Medical Department as Defendants in this matter.  These Defendants were dismissed by Order [29] dated January 26, 2009.

[3]As discussed below, Plaintiff now has dentures.  *See* Transcript [30] at 10-11.

the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the

3

constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

**Denial of Adequate Medical Care**

Plaintiff attempts to assert claims against Defendants Dr. Jerry Hardy, Wexford, and Mike Hatten (in his official capacity only), for the denial and/or delay of adequate medical treatment in violation of the Eighth Amendment. Specifically, Plaintiff alleges that the Defendants failed to treat his gum lacerations and failed to timely provide him with dentures.

Plaintiff testified that he had dentures when he arrived into the custody of the Mississippi Department of Corrections ("MDOC") at the Central Mississippi Correctional Facility ("CMCF"), but that his dentures were confiscated as a security risk because they were broken. *See* Transcript [30] at 8-12. Plaintiff was transferred to SMCI in August 2007. *Id.* at 10. He submitted a sick call request on August 14, 2007, requesting dentures, but claims he did not see a dentist until October 2008. Plaintiff claims that he saw Dr. Hardy in October 2008, and he began the process of fitting him for dentures. Plaintiff testified that he received his dentures in

4

November 2008, but claims they still do not fit properly. *Id.* at 11-15.

As a result of the delay in receiving dentures, Plaintiff claims he received cuts on his gums from eating without dentures and lost about 15 pounds. Plaintiff testified that once he requested a special diet, he was provided with one.[4] *Id.* at 14-15.

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in

---

[4]Plaintiff claims he went about eight months without a soft-food diet. However, he claims he did not request one because he did not know it was an option. He testified that he was provided with a soft-food diet once he requested one. *See* Transcript [30] at 15.

5

medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

### *Dr. Jerry Hardy*

Plaintiff alleges that Defendant Dr. Jerry Hardy, a dentist at SMCI employed by Wexford, failed to provide him with proper dental treatment. Specifically, he claims that Dr. Hardy failed to respond to his sick call requests regarding the lacerations on his gums and the infection in his mouth and failed to timely provide him with dentures. *See* Transcript [30] at 17.

The record reflects that Plaintiff submitted a sick call request on August 14, 2007, stating that he could not eat properly because he lost his dentures. *See* Ex. B to Motion [43] at 1251-52000053. Plaintiff submitted a sick call request on July 16, 2008, stating that he was losing weight because he could not eat properly without dentures. He requested a supplement to maintain his weight until he received his dentures. The nurse saw Plaintiff on July 18, 2008, and noted that he had lost five pounds since July 2007. The plan was to refer Plaintiff's chart to a physician for a possible change in diet. *See* Ex. B to Motion [43] at 1251-52000054. Dr. McCleave ordered Plaintiff a special diet (pureed food) on July 18, 2008, for one year. *See* Ex.

6

B to Motion [43] at 1251-52000099.

Dr. Hardy first saw Plaintiff on August 1, 2008, and his dentures were ordered. Plaintiff was again seen on August 22, 2008, September 15, 2008, and October 3, 2008 for fittings and final adjustments. In his sworn affidavit, Dr. Hardy states that he never refused to see or treat Plaintiff. He further states that Plaintiff never complained to him about lacerations on his gums. *See* Ex. A to Motion [43]; Ex. B to Motion [43] at 1251-52000003 - 05.

There is no evidence that Dr. Hardy ever refused to treat Plaintiff.[5] Accordingly, assuming without deciding that Plaintiff's dental condition constituted a "serious medical need," Plaintiff has failed to establish that Dr. Hardy was deliberately indifferent to that need. *See Davidson*, 91 Fed. Appx. at 965. Even assuming Dr. Hardy was negligent in his treatment of Plaintiff's dental condition, this does not establish an Eighth Amendment violation. *See McMahon*, 583 F.2d at 174 (holding that prisoners are not entitled to the "best" medical treatment available); *Davidson*, 91 Fed. Appx. at 965 (citing *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999)) ("Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983."); *Bennett v. Louisiana ex rel. Dep't Of Pub. Safety and Corr.*, No. 07-31189, 2009 WL 102080, at *4 (5th Cir. Jan. 15, 2009) (affirming dismissal of plaintiff's wrongful death claim against prison officials, reasoning "[w]hile the Appellees may very well have exercised poor medical judgment in not performing additional tests on [the deceased prisoner], [plaintiff] has not shown that their actions rise to the level of deliberate indifference").

---

[5]Indeed, when asked whether his sick call requests were directed to Dr. Hardy, he responded "They were directed through the sick call requests that we had there at SMCI." Transcript [30] at 17.

While there was a twelve-month delay before Plaintiff was seen by Dr. Hardy after requesting dentures in August 2007, Dr. Hardy states that inmates' requests for dentures are handled in the order in which they are received. *See* Ex. A to Motion [43]. Dr. Liddell's response to Plaintiff's Administrative Remedy Program request corroborates this statement. *See* Ex. B to Motion [40-3] at 12. Such delay does not establish deliberate indifference by Dr. Hardy. Moreover, "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza*, 989 F.2d at 195. Plaintiff has failed to establish that the delay in receiving dentures resulted in substantial harm. While Plaintiff claims he lost 13 to 15 pounds as a result of having to eat without dentures and received cuts on his gums, he has failed to establish a substantial harm. The record reflects that Plaintiff lost only five pounds from July 2007 to July 2008. *See* Ex. B to Motion [43] at 1251-52000054, 73. Further, Plaintiff testified that as soon as he requested a soft-food diet, he received one.[6] *See Greenlaw v. Hill*, Civil No. 05-1448-BR, 2007 WL 1876515, at *3 (D. Or. Jun. 27, 2007) (holding that 16- month delay in receiving dentures did not constitute an Eighth Amendment violation); *see also Miles v. Daniels*, No. Civ. 03-1580-JE, 2005 WL 708422, at *2 (D. Or. Mar. 28, 2005); *Whitely v. Russo*, No. G-03-555, 2006 WL 2434445, at *4 (S.D. Tex. Aug. 21, 2006) (holding that plaintiff failed to show defendants were deliberately indifferent to his serious medical needs, reasoning in part "Plaintiff has failed to show he suffered any illness or harm, beyond discomfort, because he did not have dentures").

Plaintiff has failed to raise any genuine issues of material fact regarding his claims for deliberate indifference against Dr. Hardy. Indeed, he failed to respond to Defendants' Motion

---

[6]*See supra*, footnote 4.

[43] despite an Order [45] from the court directing him to do so.  Accordingly, Dr. Hardy is entitled to judgment as a matter of law on Plaintiff's claims for deliberate indifference to his serious medical needs.

*Wexford*

Plaintiff claims that Wexford failed to supply adequate staff to SMCI to properly care for the inmates' dental needs.  *See* Response [12] at 2.   Thus, Plaintiff is apparently seeking to hold Wexford responsible for the actions and/or inactions of Dr. Hardy and its other employees.

As stated above, there is no respondeat superior liability under Section 1983.  *See supra*, *Oliver,* 276 F.3d at 742 & n.6; *see also Powell v. Shopco Laurel Co.*, 678 F.2d 504, 505-06 (1982) (holding that plaintiff could not recover against private state-employed company under Section 1983 based on theory of respondeat superior).  Accordingly, Wexford cannot be held liable for the actions and/or inactions of Dr. Hardy, or any other Wexford employee.  Further, Plaintiff has failed to demonstrate that Wexford affirmatively participated in any constitutional deprivation or implemented an unconstitutional policy.  *See Mouille v. City of Live Oak, Tex*., 977 F.2d 924, 929 (5th Cir. 1992).  The records reflect that Plaintiff was treated for his dental and other medical problems.  *See* Exs. A and B to Motion [43].  Plaintiff's disagreement with the medical treatment he received does not amount to a constitutional violation.  *See Norton*, 122 F.3d at 292; *see also McMahon*, 583 F.2d at 174 (holding that prisoners are not entitled to the "best" medical treatment available).

Moreover, Plaintiff's allegation against Wexford regarding inadequate staffing fails to amount to a constitutional violation.  *See Moneer v. Harrison County Detention Ctr*., No. 1:07cv1060LG-JMR, 2008 WL 4450255, at *5 (S.D. Miss. Sept. 29, 2008) (holding that allegations of understaffing and inadequate security features at facility were insufficient to

9

establish deliberate indifference; allegations established negligence at most); *Williams v. Holder*, No. GC90-186-SO, 1995 WL 1945553, at *8 (N.D. Miss. Oct. 25, 1995) ("Evidence of understaffing, without more, is not proof of official policy."); *Hood v. Itawamba County*, 819 F. Supp. 556, 564 (N.D. Miss. 1993). Accordingly, Wexford is entitled to judgment as a matter of law on Plaintiff's claims for deliberate indifference to his serious medical needs.

### *Mike Hatten*

Plaintiff alleges a claim against Mike Hatten (in his official capacity only) for the denial and/or delay of adequate medical treatment in violation of the Eight Amendment. Plaintiff claims that Mr. Hatten is the compliance officer at SMCI, and he is responsible for making sure that inmates are treated in a proper and orderly manner. Plaintiff claims that Mr. Hatten is aware of the delays in treatment of the inmates' serious medical needs. Thus, Plaintiff apparently seeks to hold Mr. Hatten responsible for the actions of Dr. Hardy and the other medical staff for failing to ensure he received adequate dental treatment. *See* Transcript [30] at 15-20.

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver,* 276 F.3d at 742 & n.6; *see also Thompkins*, 828 F.2d at 304. Thus, in order to be liable, a prison official must either be personally involved in the acts that caused the constitutional deprivation, or must "implement a policy so deficient that the policy itself" acts as a deprivation of constitutional rights. *Thompkins*, 828 F.2d at 304 (citations and quotations omitted).

Plaintiff conceded during his *Spears* hearing that Mr. Hatten had no personal involvement in his medical treatment. *See* Transcript [30] at 20. Moreover, Plaintiff has failed to allege, must less establish, an unconstitutional policy implemented by Mr. Hatten. *See*

10

*Thompkins*, 828 F.2d at 304.  Instead, Plaintiff testified "He's over the process. He's the compliance officer. Therefore, he's accountable." *See* Transcript [30] at 20.

Accordingly, Mike Hatten is entitled to judgment as a matter of law on Plaintiff's claims for deliberate indifference to his serious medical needs. *See Johnson v. Scott*, 31 Fed. Appx. 836, 2002 WL 243359, at *1 (5th Cir. Jan. 23, 2002); *Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999) (holding that medical director at Parchman was not deliberately indifferent to plaintiff's serious medical needs, where director was not one of plaintiff's treating physicians and had limited contact with plaintiff); *Hailey v. Savers*, 240 Fed. Appx. 670, 672 (5th Cir. 2007) (affirming dismissal of prison medical administrator because plaintiff "failed to allege specific facts to demonstrate that [administrator] had personal involvement in placing [plaintiff] in a job assignment that posed a substantial risk of harm or that [administrator] implemented policies to physically harm [plaintiff]"); *see also Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (holding that because the warden and medical treatment director "lacked medical expertise, they cannot be liable for the medical staff's diagnostic decision not to refer [plaintiff] to a doctor to treat his shoulder injury"); *Miltier v. Beorn*, 896 F.2d 848, 854-55 (4th Cir. 1990) (holding that supervisory officials are entitled to rely on expertise of, and medical judgments made by, prison physicians with respect to inmates' medical treatment); *see also Poullard v. Blanco*, No. Civ.A. 05-1019-P, 2006 WL 1675218, at * 5 (W.D. La. June 9, 2006) (dismissing claim of failure to provide adequate medical care against supervisory officials who "acted consistent with their roles in the prison administration by addressing plaintiff's grievance or referring him to an avenue by which he might obtain relief").

CONCLUSION

For the reasons stated above, the court finds that Defendants' Motions for Summary Judgment [40][43] should be GRANTED. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Defendants' Motions for Summary Judgment [40][43] are GRANTED and this action is dismissed with prejudice.

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 3rd day of August, 2009.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge